No. 4010

Second Circuit
(Second Division)

———

DAWKINS v. BAZER

———

(April 9, 1931. Opinion and Decree.)

———

Thigpen, Herold & Cousin, of Shreveport, attorneys for plaintiff, appellant.

A. M. Pyburn and Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

CULPEPPER, J. Plaintiff, as commissioner of public safety of the city of Shreveport, sued out a rule against defendant, as chief of police of said city, to enjoin him from usurping or interfering with the superintendent's alleged authority as superintendent of the police department.

Plaintiff alleges, and defendant admitted in answer, that he (the chief of police) had announced publicly that he would not obey the orders which had been given to him by the superintendent, or any orders from the superintendent, and had announced publicly that he was at the head of and was directing the police department, and claimed the right to make all appointments of members of the police force.

It is alleged in plaintiff's petition, and admitted in defendant's answer, that the plaintiff is the member of the city council who is superintendent of the department of public safety and that, by an ordinance of the city council, adopted November 14, 1910, according to the provisions of Act 302 of 1910, providing a commission form of government for cities of the size of Shreveport, the police department of the city was assigned to the department of public safety. The chief of police, however, contends in his answer to the rule that, by effect of Act 187 of 1918, placing the police department of Shreve-

port under civil service, the police department has been placed under the authority and control of the chief of police, and that he is thereby given the authority to appoint the members of the police force, subject, of course, to the rules and regulations of the board of civil service commissioners.

The issue thus tendered was submitted on the pleadings and the ordinances annexed thereto. The district judge decided in favor of defendant and refused to issue a preliminary writ of injunction. It was from that decision plaintiff prosecutes this appeal.

The question to be decided is whether the Civil Service Act, which is Act 187 of 1918, the provisions of which were adopted by the city council of Shreveport in 1929, had the effect of amending the act providing for a commission form of government, Act 302 of 1910, so as to take away from the superintendent of public safety his authority as superintendent of the police department, and to confer it upon the chief of police. This being purely a question of law and one of more than ordinary public interest, we certified the case to the Supreme Court and asked for instructions on the following questions, under authority of section 25, article 7, of the Constitution, viz.:

1. In whom is vested the power of direction and control of the police department of the city of Shreveport?

2. In whom is vested the authority to appoint the police officers of the city of Shreveport, below the rank of chief of police?

In answer to the above questions, the Supreme Court, in its opinion (134 So. 238) handed down in this case on March 31, 1931 (see opinion filed in this record), gave the following answer and instructions:

"Our answer to the questions propounded by the Court of Appeal is that the power of direction and control, of the Police Department of the City of Shreveport, is vested in the Superintendent of the Department of Public Safety, and so is the authority to appoint the officers of the Police Department of. lower rank than that of the Chief of Police, subject, however, to the rules and regulations of the Board of Civil Service Commissioners; and the Court of Appeal is instructed to enter a decree accordingly."

This court adopts the opinion of the Supreme Court.

The judgment of the lower court is therefore reversed; and there is now judgment in favor of plaintiff, Thomas C. Dawkins, superintendent of public safety of the city of Shreveport, and against defendant, Dennis D. Bazer, chief of police of said city, making the rule absolute. It is further ordered and decreed that upon plaintiff furnishing bond in the sum of $500, as provided by law, a preliminary writ of injunction issue as prayed for, restraining and prohibiting defendant from exercising appointive powers or interfering with plaintiff's appointive powers in the police force of the city of Shreveport; and from disobeying or encouraging disobedience to orders issued by plaintiff as superintendent of public safety; and from interfering with or advising interference with the discharge by plaintiff of any employees of the police department of the city of Shreveport subject to discharge without cause; and from in any way interfering with plaintiff in the general management, control, and direction of the police department of the city of Shreveport as such superintendent.

It is further ordered that this case be remanded to the lower court to be proceeded with according to law. It is further ordered that defendant pay costs of both courts.